PETTY, Respondent, v. LANGAN, Appellant.

(231 N. W. 951.)

(File No. 7072. Opinion filed September 2, 1930.)

*W. J. Hooper,* of Gregory, for Appellant.

*J. F. Frame* and *Charles A. Davis,* both of Burke, for Respondent.

BROWN, P. J. Plaintiff, who owned 160 acres of land in Gregory county on which there were no buildings, contracted to sell it to defendant. Defendant took possession and, after having for ten years cropped the part of the land which was in cultivation, found that he was unable to perform the contract on his part. In November, 1929, plaintiff began an action to foreclose defendant's rights under the contract. Defendant took the complaint in the action to Mr. Hooper, his attorney in this appeal, and Hooper on December 5, 1929, wrote to J. F. Frame, plaintiff's attorney at Burke, S. D., a letter in which he stated: "I can get Langan to give you a Quit-Claim deed, but he would like to rent the land for next year. Is there any possibility of him doing this?" Frame replied next day saying that he would have nothing to say about the renting of the land, but assumed it would be for rent and knew of no good reason why Langan should not be allowed to rent it, but said if the land was rented to him he should give security for payment of the rent, and Frame requested Hooper to "write me as to how Langan wants to rent the property and what security for payment he will give and I will take it up with Mr. Petty with the idea of getting him a lease." No further communication was had by or on behalf of Langan as to renting the property, and on December 23d Hooper sent Frame a quitclaim deed of the premises from Langan and wife to plaintiff. In February, 1930, plaintiff leased the land to W. C. Alloway for one year beginning March 1, 1930. Thereafter, about March 10th, defendant went upon the land and started to put in a crop of spring wheat, whereupon plaintiff commenced the present action to enjoin defendant from going upon the land or interfering with the right of plaintiff and his tenant to the possession thereof. From an order granting such an injunction made upon an order to show cause in the action, defendant appeals.

■■ It does not appear that defendant has answered in the case, but in reply to the order to show cause he submitted an affidavit in which he stated in substance that he was in possession of the premises and had been continuously for the past ten years under a contract for the purchase thereof; that as a consideration

for the execution of the quitclaim deed he was to have the privilege of renting the premises during the farming season commencing March 1, 1930, and ending February 28, 1931, and under such understanding entered into possession of the premises and is now in possession thereof. It will be observed that he bases his claim of possession upon the fact that he had been continuously in possession for more than ten years under a contract of purchase, and also that he had gone into possession pursuant to an understanding that he was to have the privilege of renting the premises for a year. When he executed and delivered the quit-claim deed, he thereby surrendered the right of possession to plaintiff, in the absence of any agreement to the contrary. He claims that there was an agreement or understanding that he should have the privilege of renting the premises, but he makes no claim that he did rent them, nor does he dispute the showing on the part of the plaintiff that the only communication of any kind in regard to renting the premises was contained in the letters which passed between Hooper and Frame. It is quite clear that no lease or renting contract resulted from anything contained in those letters, and that therefore the statement in defendant's affidavit that he was now in possession of the premises is merely an erroneous conclusion on his part. He contends that plaintiff had an adequate remedy at law to dispossess him by an action of forcible entry and detainer, or by an action to determine adverse claims to real property. But plaintiff was not under the necessity of resorting to either of these remedies as against a mere trespasser, and the record shows that appellant was that and nothing more.

The entry of appellant upon the land without having any lease or right of possession, his undertaking to seed it to wheat, and interfering with the possession of the rightful tenant, entitled plaintiff to an injunction to protect his right of possession and that of his tenant, Alloway. Huffman v. Cooley, 28 S. D. 475, 134 N. W. 49.

The order appealed from is affirmed.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ.. concur.